UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY VANDIVER,

        Petitioner,                    Case Number 20-11340
                                                    Honorable David M. Lawson

v.

NOAH NAGY and
HEIDI WASHINGTON,

        Respondents.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jerry Vandiver is a Michigan prisoner serving a life sentence for first-degree murder. He filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241 without the assistance of a lawyer during the height of the COVID pandemic seeking release based on allegations that the Michigan Department of Corrections (MDOC) had failed to take steps to mitigate the spread of the virus. Vandiver also asked for a temporary restraining order, which the Court viewed as asking for a preliminary injunction as well. The Court denied a TRO and, after the respondents filed a response, denied a preliminary injunction after concluding that Vandiver likely would not succeed on the merits. Based on that finding, the Court also dismissed the habeas corpus petition. Vandiver appealed, and the court of appeals reversed the dismissal of the petition and remanded for further consideration after the parties had the opportunity to present evidence and fully brief the issues. Briefing is complete, and the petition is ready for a decision on the merits. Vandiver has not established that the confluence of his personal physical health, the congregant living conditions in prison, and the measures taken by the respondents in response to the novel coronavirus entitles him to temporary release from custody. Nor has he identified any

other conditions of his confinement that would justify the relief he seeks. The petition will be denied.

I.

At the time he filed his petition, Vandiver was a 69-year-old prisoner (now 73 years old) serving a life sentence for murder. In 1981, a jury convicted him of two counts of first-degree murder for killing one victim; the trial court sentenced him to two terms of life in prison without the possibility of parole. The Michigan Court of Appeals vacated one of Vandiver's convictions but affirmed the other. *See People v. Vandiver*, No. 96427 (Mich. Ct. App. June 29, 1987). Vandiver was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan when the petition was filed, which is designated as JCF by the MDOC.

In May 2020, Vandiver filed his habeas corpus petition arguing that his confinement was unconstitutional due to the risks caused by COVID-19 because, no matter the steps that the MDOC took to mitigate the risk of coronavirus, there was no set of conditions that would be sufficient to protect him because of his underlying health conditions, which included diabetes and heart disease. He contended that his due process rights under the Fifth and Fourteenth Amendments were being violated because subjecting him to a substantial risk of contracting COVID-19 amounted to punishment that was unrelated to his criminal conviction. He also argued that the MDOC, knowing the risks of COVID-19, violated his Eighth Amendment rights by deliberately ignoring conditions that were very likely to cause serious illness. Along with his habeas petition, Vandiver filed a motion for a temporary restraining order (TRO) requesting that he be released until the COVID-19 pandemic had resolved. Respondent Noah Nagy is the warden. Respondent Heidi Washington is Director of the MDOC.

On August 13, 2020, the Court denied Vandiver's motion for a temporary restraining order, treated the motion as a motion for a preliminary injunction, and directed the respondents to file an answer to the motion for a preliminary injunction. The parties filed papers that included affidavits from each party and documentation of the COVID-19 precautions that the MDOC had implemented, as well as data regarding COVID-19 infections and deaths in Michigan's prison system. On December 8, 2020, the Court denied the motion for preliminary injunction, concluding Vandiver was not likely to succeed on the merits of his deliberate-indifference claim; failed to show that he would suffer irreparable injury absent the Court's intervention; and both the public interest and that of MDOC weighed against granting an injunction. The Court further concluded that Vandiver failed to show that his right to substantive due process was being violated or that he "[was] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Based on that last finding, the Court dismissed the petition with prejudice. ECF No. 17. Vandiver moved for reconsideration of the opinion, which the Court subsequently denied. ECF No. 20.

The Court granted Vandiver a certificate of appealability, and on appeal the Sixth Circuit held that the dismissal of the habeas petition at the preliminary stage was improper because the Court failed "to give Vandiver notice of the contemplation of the dismissal of his habeas petition or an opportunity to present his case." *Vandiver v. Nagy*, No. 21-1213 (6th Cir. May 9, 2022) (Order). On remand, the Court reopened the case and ordered the parties to file any supplemental papers in support of or in opposition to the habeas petition.

II.

Vandiver does not challenge here the validity of his sentence, but rather the manner in which it is carried out by the state. A petition questioning the manner or execution of a sentence

is filed properly under 28 U.S.C. § 2241. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). The Sixth Circuit has found a "pandemic-related constitutional claim . . . cognizable under § 2241 . . . [where the petitioner] sought release from confinement and claimed that no other set of conditions would remedy the alleged violation." *Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (citing *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020)); *see also Smith v. Jackson*, No. 20-2264, 2021 WL 2555478, at *2 (6th Cir. June 3, 2021) (state prisoner could properly file a petition under § 2241 to pursue release from confinement based on pandemic-related claims).

Vandiver cites the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, arguing that his continued confinement during the COVID-19 pandemic violates his Fifth Amendment rights either because he has been exposed to COVID-19 or because his exposure to the virus is imminent. He further alleges that, despite the precautionary measures taken by MDOC, "he is not ensured anything close to 'reasonable safety'" because of his underlying health conditions.

Because Vandiver is seeking relief from state officials, the Fourteenth Amendment, not the Fifth Amendment, is the relevant constitutional provision. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (stating that the Due Process Clause of the Fifth Amendment "appl[ies] only to actions of the federal government — not to those of state or local government"). The Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV § 1. The Clause affords incarcerated individuals the right to adequate shelter and safe living conditions. *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 847-48 (6th Cir. 2002).

However, because Vandiver stands convicted of a crime, it is the Eighth Amendment that governs his claim. *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605-06 (6th Cir. 2022). It is well established that "[w]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general wellbeing." *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citation omitted).

As discussed in the opinion on the preliminary injunction, the applicable test for assessing an alleged Eighth Amendment violation has two elements. *Id*. at 834. First, the prisoner must demonstrate that the deprivation alleged is "objectively, 'sufficiently serious.'" *Ibid*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Ibid*. Second, the prisoner must demonstrate that a prison official had a "sufficiently culpable state of mind." *Ibid*. (citing *Wilson v. Seiter*, 501 U.S. at 297). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." *Ibid*. This element can be proven by circumstantial evidence from which the fact finder can conclude that the state actor perceived the risk and then disregarded the risk, *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001), or "from the very fact that the risk was obvious." *Terrance*, 286 F.3d at 843. And because Vandiver has raised his Eighth Amendment claim by way of a habeas corpus petition, he must make the additional showing that there are no conditions of confinement sufficient to prevent irreparable injury. That is a particularly difficult showing where Vandiver has already contracted COVID-19 and, therefore, has already realized the risk he contends would irreparably injure him.

A. Objective Component

First, the Court looks to whether Vandiver has made the objective showing that his conditions pose a substantial risk of serious harm. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Vandiver argues that his continued confinement in prison puts him at risk of contracting COVID-19 and of becoming ill or dying because he shares toilets, sinks, phones, and showers with other prisoners, eats in a communal space, and has close contact with many other prisoners and correctional officers. He maintains that he is medically vulnerable to COVID-19 due to his age and medical conditions. He is an African American who was born on July 6, 1951. He suffers from chronic illnesses, which include diabetes, Hepatitis C, and heart disease.

Vandiver's claim mirrors the claim brought by the class of federal prisoners in *Wilson v. Williams*, where the petitioners "alleged that their confinement in the midst of the COVID-19 outbreak violate[d] the Eighth Amendment." *Wilson*, 961 F.3d at 835. Based on the allegations of close confinement and the lack of mitigating protocols, the court found that the objective prong of the deliberate indifference test was "easily satisfied." *Ibid.*

*Wilson* was decided five years ago. Certainly, COVID-19 no longer poses the dire health threat that existed when the pandemic first reared its ugly head. The Sixth Circuit has stated emphatically that COVID's lingering presence in society no longer is attended by the same exigency that it once had before vaccines for the disease were made widely available to prison inmates and the general public. In the context of compassionate release petitions under 18 U.S.C. § 3582(c)(1)(A)), the court of appeals has held that, "absent extenuating circumstances, because vaccinations are now available to federal inmates, the COVID-19 pandemic is not considered 'extraordinary and compelling.'" *United States v. Thornton*, No. 21-1418, 2023 WL 2293101, at *1 n.2 (6th Cir. Mar. 1, 2023) (citing *United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022));

*accord United States v. Orta*, No. 22-5471, 2023 WL 3794805, at *2 (6th Cir. May 12, 2023) (observing that "the inmate had access to vaccination, which significantly reduces both the likelihood of contracting COVID-19 and the associated risks should one contract the virus . . . . And [an inmate'] access to the vaccine substantially undermines his request for a sentence reduction." (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (cleaned up))).

For Vandiver, the record shows that he has had access to the COVID-19 vaccine, and as of July 2022, he has refused to receive it. ECF No. 41, PageID.1461. The record further shows that Vandiver has been regularly tested and screened for COVID-19 and has been offered vaccines and been given multivitamins because of potential exposure. *Id*. at PageID.1172. Since filing this habeas action, Vandiver has tested positive with COVID-19 at least once, with little to no symptoms. *Id*. at PageID.1465.

Further, as stated in the Court's opinion and order dated December 8, 2020, Vandiver has exaggerated the impact of COVID-19 at JCF. The Court discussed in detail the many steps the MDOC has taken to prevent the spread of COVID-19. ECF No. 17, PageID.556-57. Since that decision, respondents filed additional materials establishing the continued efforts taken to prevent the spread of COVID-19. The affidavit of respondent Nagy details many of the protocols taken as of May 2022. The MDOC has:

- conducted health screenings prior to staff entering the facility;
- complied with cleaning/sanitation requirements;
- complied with contact tracing and quarantine requirements;
- required all individuals in the facility to wear masks except while eating, drinking, showering, sleeping, or while outside;
- required social distancing recommendations to be followed at all times and encouraging use of technology in place of group interactions when possible;

- complied with the requirement to set up isolation areas for prisoners testing positive for COVID-19, prisoners under investigation for having COVID-19, and close contacts;

- implemented detailed testing requirements for staff and prisoners;

- permitted alcohol-based hand sanitizer inside of the prison;

- limited all large in-person gatherings;

- implemented a previously approved plan for cohorting and limiting prisoner movement;

- prohibited transfers to other facilities unless approved by the Deputy Director and limiting situations where cell moves are allowed; and

- suspended pat down searches of inmates and housing areas in (1) a COVID-19 positive units, (2) PUI isolation units, and (3) Close Contact isolation units.

Nagy Affidavit, ECF No. 41, PageID.1235. There is no evidence before the Court that the MDOC has backed away from those measures. These actions demonstrate that the MDOC has responded reasonably to the risk posed by COVID-19. *See Wilson*, 961 F.3d at 841 (concluding that similar measures taken in a federal prison showed a reasonable response to the risk posed by COVID-19). Although the extent of these measures also demonstrates that the threat of COVID-19 infections potentially poses a serious harm to inmates, the MDOC's mitigation efforts confirm that it has responded appropriately to the danger of infections, which undercuts the notion that Vandiver "is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. The evidence of these prophylactic measures, Vandiver's personal history with contracting COVID-19 with little to no symptoms, his refusal to receive the vaccine, and multivitamin treatment amply demonstrates that the conditions of his incarceration do not pose a substantial threat of serious harm.

B. Subjective Component

Vandiver also falls short on the subjective component of an Eighth Amendment deliberate indifference claim. There is no suggestion that the respondents were (or are) deliberately

indifferent to inmate health or safety. As discussed, the measures taken by the MDOC demonstrate the respondents' concern for the physical health and welfare of Michigan prisoners in response to the threat of infection. Vandiver argues that the respondents' protocols are insufficient because they did nothing to enforce social distancing, and some inmates have ignored COVID-19 social distancing altogether. ECF No. 42, PageID.1514. Vandiver attaches several inmate affidavits explaining how various social distancing measures have failed, such as inmates standing less than six feet apart waiting in lines for medication and less than six inches apart while seated at the chow hall. Affidavits, ECF No. 42, PageID.1519-23. But the MDOC is not obliged to ensure perfect compliance with COVID-19 protocol. *See Wilson*, 961 F.3d at 829. It is true that the realities of incarceration limit the ability to comply with the recommended spacing guidelines. Social distancing is not always practical under prison conditions, where overcrowding and close confinement sometimes are inevitable. But the record establishes that the MDOC reasonably responded to the risk posed by COVID-19. *Id.* at 840 (holding that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim). The procedures described by the respondents are similar to the procedures considered by the Sixth Circuit in *Wilson*. Despite the difficulty in addressing the risk of COVID-19 transmission in the prison setting, the MDOC did not sit idly by. Respondent Washington issued a Director's Office Memorandum (DOMs) addressing the risks posed by the pandemic and the MDOC's efforts to mitigate that risk. Memorandum dated June 20, 2022, ECF No. 41, PageID.1237. Although Vandiver points out various ways COVID-19 protocols have not been followed from 2020 to 2022, those deviations do not establish a subjective disregard for inmate

health and safety. The Eighth Amendment does not require that prison officials take every possible step to mitigate a risk. *Wilson*, 961 F.3d at 844.

Vandiver has not established either component of an Eighth Amendment deliberate indifference claim based on the MDOC's response to the COVID-19 pandemic at the G. Robert Cotton Correctional Facility.

III.

Petitioner Jerry Vandiver has not shown that he is in custody in violation of the Constitution of laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Date:  May 27, 2025